### 68686. COX v. THE STATE.

BANKE, Presiding Judge.

After he was indicted for the murder of his brother in 1980, the appellant entered a special plea of insanity and was found not guilty by reason of insanity. He has since been confined involuntarily at the Georgia Regional Hospital. This appeal is from the denial in June of 1983 of an application for his release, filed pursuant to OCGA § 17-7-131.

The trial court heard testimony from various members of the hospital staff, including a doctor, two nurses, and a chaplain, and from the appellant and his mother. It appears without dispute from this testimony that the appellant is a paranoid schizophrenic whose symptoms are controlled by medication and are currently in remis-

sion. There have been no reports of violent behavior on his part in the past six months. However, the appellant's mother expressed concern over whether he would be willing to continue taking his medication on a voluntary basis if he were released. She further testified that he had suffered relapses in the past after ceasing to take his medication, and the trial court found as a matter of fact that the appellant had killed his brother after he ceased taking his medication during a previous release from confinement. The hospital physician and nurses testified that in their opinion, the appellant does not presently meet the criteria for civil commitment and should be released. *Held*:

"Under our law the acts admitted by the [special plea of insanity] establish that the [appellant] meets the criteria for civil commitment. [Cits.] Once that condition has been established, it is presumed to continue at the time of the application for release. *Clark v. State*, 245 Ga. 629, at 631. The burden is on the applicant to establish he does not meet the criteria for involuntary commitment. OCGA § 17-7-131 (f) (2) . . . The trial judge, as the finder of fact, is not bound by the opinions of either lay or expert witnesses and may rely upon the basic presumptions permitted by law. *Moses v. State*, 245 Ga. 180, 181 . . ." *Moses v. State*, 167 Ga. App. 556, 559 (307 SE2d 35) (1983).

Based on the evidence presented, the court was authorized to deny the application for release from commitment.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JULY 10, 1984.

*Michael H. Lane*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney*, for appellee.