Joe BENHAM, et al., Plaintiff,

v.

James LEDBETTER, et al., Defendant.

Civ. A No. C80–78R.

United States District Court,
N.D. Georgia,
Rome Division.

April 22, 1985.

Phyllis J. Holmen, Douglasville, Ga., Howard Sokol, Macon, Ga., Kay Giese, Athens, Ga., for plaintiff.

Carol Atha Cosgrove, Atlanta, Ga., for defendant.

## ORDER

HAROLD L. MURPHY, District Judge.

In this class action brought pursuant to 42 U.S.C.A. § 1983 (West 1981), plaintiffs challenge Georgia's procedures governing the involuntary commitment and the release from state mental hospitals of persons who have been acquitted of criminal charges by reason of insanity (insanity acquittees). In November of 1980, this Court found Georgia's commitment and release procedures unconstitutional and granted plaintiffs' motion for a preliminary injunction. *See Benham v. Edwards,* 501 F.Supp. 1050 (N.D.Ga.1980). On appeal, the former Fifth Circuit affirmed this Court's findings as to the unconstitutionality of Georgia's commitment proceedings, but held that Georgia's release procedures, in so far as they required court approval before the release of certain insanity acquittees, did not violate the Constitution. The court of appeals also held that the state could not constitutionally place the burden of proof on insanity acquittees in commitment and release hearings. *See Benham v. Edwards,* 678 F.2d 511 (5th

Cir.1982) (Unit B). The former Fifth Circuit's opinion was vacated by the Supreme Court to be reconsidered in light of its decision in *Jones v. United States,* 463 U.S. 354, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983). *See Ledbetter v. Benham,* 463 U.S. 1222, 103 S.Ct. 3565, 77 L.Ed.2d 1406 (1983). This case is now before the Court on remand from the Court of Appeals to be reconsidered in light of *Jones v. United States.* 719 F.2d 772 (5th Cir.1983). The Court finds that *Jones* mandates judgment for the defendants.

## DISCUSSION

The statute governing the commitment of insanity acquittees that the Court earlier found unconstitutional was amended in 1982. *See* O.C.G.A. § 17–7–131 (Supp. 1984) (amending O.C.G.A. § 17–7–131 (1982). The procedure for the commitment and release of insanity acquittees was thus modified in part. Under the amended statute, when a person is found not guilty by reason of insanity, the court retains jurisdiction over the person and orders him to be detained in a state mental health facility for an evaluation period not to exceed thirty days. Upon completion of the evaluation, the hospital officials send a report of the defendant's present mental condition to the trial judge and the attorneys in the case. If the hospital report indicates that the defendant does not meet the criteria for civil commitment under the Georgia Code provisions in Chapter 37–3 or 4, the trial judge may discharge the defendant from custody without a hearing. If the defendant is not so discharged, the trial judge orders a mandatory commitment hearing

which must be conducted within thirty days after the prosecuting attorney receives the hospital report. Unless the defendant is able to show by a preponderance of the evidence that he does not meet the criteria for civil commitment, he may be ordered committed to the Georgia Department of Human Resources and may not be released without approval of the committing court. The Georgia Court of Appeals has indicated that, under the amended statute, a defendant in a commitment or release hearing not only bears the burden of persuasion, but must overcome a presumption of insanity as a result of the plea of insanity at the trial. *Cox v. State,* 171 Ga.App. 550, 551, 320 S.E.2d 611 (1984); *Moses v. State,* 167 Ga.App. 556, 307 S.E.2d 35 (1983).

In the Court's original opinion in this case, as modified by the Court of Appeals, the Court found: (1) that both the Equal Protection Clause and the Due Process Clause required Georgia to provide insanity acquittees with a state-initiated commitment hearing;[1] (2) that the Equal Protection Clause and Due Process Clause required the state to bear the burden of proving, by clear and convincing evidence, the commitment criteria at the initial commitment hearing and at subsequent release hearings;[2] and (3) that the Equal Protection Clause barred the state from creating a presumption of continuing mental illness based on a judgment of not guilty by reason of insanity.

Fundamental to the Court's constitutional analysis in the original opinion were two premises. First, the Court reasoned that determining a defendant's mental state as

1. This issue is now moot in light of Georgia's amended statute that provides for a state-initiated commitment hearing.

2. This Court also held that the state could not constitutionally require a court order before releasing non-dangerous insanity acquittees from mental facilities. The court of appeals held that this Court needlessly reached the constitutional issue, as the state required a court order only for dangerous insanity acquittees. As the statute governing the release of insanity acquittees was amended subsequent to the court of appeals' decision, the plaintiffs raise again in

their briefs on remand the question of the constitutionality of treating insanity acquittees differently from other committees to mental hospitals by requiring a court order for release. In light of the Supreme Court's ruling in *Jones,* however, it can no longer be argued that this difference in treatment violates the Equal Protection clause. As for due process, the adversarial proceeding provided by the Georgia scheme satisfies constitutional requirements. *See Williams v. Wallis,* 734 F.2d 1434, 1437–39 (11th Cir.1984); *Hickey v. Morris,* 722 F.2d 543, 547–49 (9th Cir.1983).

it relates to moral culpability under a criminal charge and determining a defendant's mental state as it relates to mental illness requiring confinement involve completely different investigations that have little bearing on one another. Moreover, the Court found little support for the notion that a person's mental state at one point in time has relevance to a person's mental state at another point in time. Second, the Court reasoned that a judgment of acquittal by reason of insanity bore no relation to whether or not the defendant could be considered dangerous. (The Court offered the example of passing bad checks.) From these basic premises, the Court concluded that the state could show no rational reason for treating insanity acquittees differently from persons committed under the civil commitment provisions, or for denying insanity acquittees the due process rights accorded other persons involuntarily committed to mental hospitals.

The Supreme Court, in *Jones v. United States*, 463 U.S. 354, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983), rejected this Court's basic premises. The Supreme Court held that a finding of insanity at trial could lead to the presumption of mental illness for purposes of confinement, and that a judgment of acquittal by reason of insanity would establish that the defendant is dangerous. *Id.* at 363, 103 S.Ct. at 3049, 77 L.Ed.2d at 705. A judgment of acquittal by reason of insanity thus provides the state a rational reason for treating insanity acquittees differently from other persons involuntarily committed to state health facilities. The Eleventh Circuit concluded that "an acquittee may be automatically committed for an indefinite period of time after he has proved at his criminal trial by a preponderance of the evidence that mental illness caused his criminal act." *Williams v. Wallis*, 734 F.2d 1434, 1439 (11th Cir.1984).

■ The Eleventh Circuit in *Williams* expressly withheld ruling on the continued viability of the *Benham* holding that due process and equal protection considerations require that the state bear the burden of proof at release proceedings. The court did note that *Jones* required a reevaluation of this *Benham* holding, as the holding flowed directly from the overruled *Benham* conclusion that the state must bear the burden of proof at commitment proceedings. In light of the Supreme Court's rejection of the fundamental premises on which this Court built its constitutional analysis in the Court's first *Benham* decision, and in light of the Supreme Court's holding with respect to commitment hearings, the Court must conclude that the Constitution provides no right in insanity acquittees to be free of the burden of proof in release proceedings.

■ As for the constitutionality of a presumption of continuing mental illness based on a judgment of not guilty by reason of insanity, the Supreme Court made explicit reference to the issue in *Jones v. United States.*

Nor can we say that it was unreasonable for Congress to determine that the insanity acquittal supports an inference of continuing mental illness. It comports with common sense to conclude that someone whose mental illness was sufficient to lead him to commit a criminal act is likely to remain ill and in need of treatment. The precise evidentiary force of the insanity acquittal, of course, may vary from case to case, but the Due Process Clause does not require Congress to make classifications that fit every individual with the same degree of relevance.

*Jones v. United States*, 463 U.S. 354, 366, 103 S.Ct. 3043, 3050, 77 L.Ed.2d 694, 706 (1983). This Court thus concludes that each of its holdings in the first *Benham* case must be reversed in light of the *Jones* case.

ACCORDINGLY, the Court grants JUDGMENT FOR THE DEFENDANT in this case remanded from the Eleventh Circuit.