## 45695. BUTLER v. THE STATE.
### (369 SE2d 252)

WELTNER, Justice

Mary Butler was committed to the custody of the Department of Human Resources under the provisions of OCGA § 17-7-131. See *Butler v. State*, 252 Ga. 135 (311 SE2d 473) (1984). Since her commitment, Butler four times has sought release from custody, contending on each occasion that she no longer meets the standards for civil commitment. On each occasion, her request has been denied by the trial court, and she appeals this fifth denial of a similar request.

The evidence in this case shows that Butler is a paranoid schizophrenic who has suffered from this condition for many years. She is presently committed by reason of the homicide of a deputy sheriff, whom she stabbed to death while he was executing a court order requiring her hospitalization for emergency psychiatric treatment. On

four earlier occasions she had committed violent acts toward family members, including the stabbing of a nephew. Following each of these occasions, she was committed to a state mental hospital, and released after a short period of hospitalization.

Although the evidence indicates that her violent behavior can be controlled by antipsychotic drugs, it establishes also Butler's poor history in taking medication. As example, before killing the deputy sheriff, Butler had refused to take it. As her psychiatrist testified:

> They don't want to take their medicine. This is the greatest problem we have with the paranoid schizophrenics going out of the hospital. They feel like they are well and they don't want to take their medicine.

Several mental health professionals testified that Butler should be transferred to a "less restrictive environment," where she would be under supervision, particularly as to medication. No witness testified that she should be released unconditionally.

Butler's psychiatrist further testified that he had seen her at least once a week for the two years preceding the hearing. When asked about her thought processes, as she had communicated them to him, the psychiatrist replied:

> [S]he communicated to me that she was having thoughts where she was afraid that someone might harm her or someone might harm her children and the history that she gave me, these were thoughts that she had previous, before coming to the hospital, and it was an indication to me not to wait for delusions and hallucinations but to increase her medication. This is the reason she needs to be in a situation where somebody can watch her, you know. She will be with someone so that if any of this returns, they need to take her back to the Mental Health Clinic.

Butler complains that the evidence demands the finding that she be given a "less restrictive environment" in which to continue her treatment.

1. The superior court, and not mental health professionals, has the responsibility for deciding applications for release under OCGA § 17-7-131. *Loftin v. State*, 180 Ga. App. 613, 615 (349 SE2d 777) (1986). The court may rely on the presumption of continued insanity, OCGA § 24-4-21, and is not bound by the opinions of either lay or expert witnesses, *Cox v. State*, 171 Ga. App. 550, 551 (320 SE2d 611) (1984), and *Pitts v. State*, 151 Ga. App. 691, 695 (261 SE2d 435) (1979). The court also may take judicial notice of the evidence at trial, OCGA § 17-7-131 (e).

2. The trial judge presiding at Butler's trial for the murder of the deputy sheriff is the judge who heard each of her prior applications for release. His familiarity with her condition, the evidence at the hearing, and the presumption of continued insanity satisfies us that it was not error to deny her application.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 23, 1988.

*Loftiss, Van Heiningen & Ward, Walter E. Van Heiningen,* for appellant.

*J. Brown Moseley, District Attorney,* for appellee.