*Greene, Buckley, DeRieux & Jones, Gregory J. Digel, F. Taylor Putney*, for Chrysler Credit Corp.

## A89A0974. JONES v. STATE OF GEORGIA.
### (382 SE2d 612)

McMURRAY, Presiding Judge.

In 1981, appellant Billy Joe Jones was indicted for the murder of his mother and two half-sisters. Following a jury trial, at which Judge W. F. Blanks presided, appellant was found "not guilty by reason of insanity." He was committed to a state hospital in accordance with OCGA § 17-7-131 and he has remained in the custody of the Department of Human Resources since that time.

On December 28, 1987, appellant filed a motion for release, alleging he did not meet the criteria for civil commitment. A hearing was held before Judge Blanks and appellant's motion for release was denied. This appeal followed. *Held*:

The evidence adduced at the hearing demonstrates that appellant was diagnosed as having an explosive disorder, a personality disorder manifested by an anti-social act. One expert was of the opinion that appellant's disorder was "isolated." In his view, the disorder manifested itself only once — when appellant murdered his mother and step-sisters. Another expert opined that appellant's disorder is intermittent and that, therefore, appellant is capable of an explosive, anti-social act at any time. The experts were in agreement that appellant is not psychotic and his disorder does not impair his judgment or perceptions of reality.

One expert was of the opinion that appellant is not a danger to himself or others. It was the opinion of another expert, however, that appellant is incapable of coping with the ordinary demands of life and is a danger to the public.

Although the experts opined that defendant is not mentally ill, the superior court was not bound by their opinions. Rather, the superior court could rely simply upon the presumption of continued insanity. *Butler v. State*, 258 Ga. 344, 345 (1) (369 SE2d 252). In the case sub judice, the judge who presided at appellant's trial is the judge who heard the evidence adduced upon the motion for release.

"His familiarity with [appellant's] condition, the evidence at the hearing, and the presumption of continued insanity satisfies us that it was not error to deny [appellant's] application." *Butler v. State*, 258 Ga. 344, 346 (2), supra. See *Arnold v. State*, 173 Ga. App. 839 (328 SE2d 572).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED MAY 2, 1989 —
REHEARING DENIED MAY 15, 1989 — 

*Andrews & Seery, Stephen H. Andrews*, for appellant.
*John R. Parks, District Attorney*, for appellee.