## A89A0210. LEDBETTER et al. v. CANNON.

(384 SE2d 875)

BEASLEY, Judge.

We granted the Commissioner of the Department of Human Resources, the Director of the Division of Mental Health, and the Superintendent of the Georgia Regional Hospital at Atlanta interlocutory appeal from the denial of their motion to dismiss a not guilty by reason of insanity acquittee's petition for judicial protection of rights pursuant to OCGA § 37-3-148 (b). We did so in order to address the issue of whether or not the committing court for such a defendant has exclusive jurisdiction to hear the petition when the defendant seeks a modification of treatment involving off-campus privileges.

In 1979, the Superior Court of Fulton County adjudged defendant Cannon not guilty by reason of insanity, OCGA § 17-7-131 (b) (1) (C), of the offense of aggravated assault. Consequently, her care was placed with the Department of Human Resources and in 1981, the court committed her to involuntary in-patient treatment, and she was confined at Georgia Regional Hospital at Atlanta in DeKalb County, where she has remained. The Fulton court issued four subsequent orders for Cannon's in-patient commitment, the most recent in 1986.

In January 1987 and again in May 1987, the Director of Forensic Services at Georgia Regional wrote the committing court requesting permission for off-campus privileges for Cannon. On May 14, the court denied the requests by letter.

Pursuant to OCGA §§ 37-3-1 (4) and 37-3-148 (b), Cannon then filed a "Petition for Judicial Protection of Rights" in the Probate Court of DeKalb County, seeking implementation of a service plan which specifically included participation in community-based programs, i.e., off-campus treatment. DHR and the other respondents moved to dismiss the petition on the ground that the DeKalb Probate Court did not have jurisdiction.

The probate court denied the petition without a hearing, agreeing that the Superior Court of Fulton County has exclusive jurisdiction to determine the issue raised in the petition. This ruling was appealed to the Superior Court of DeKalb County, which determined that the probate court had jurisdiction to hear the petition, pursuant to OCGA § 37-3-148 (b). It concluded that Cannon's needs for appropriate, individualized treatment designed to facilitate her release to a less restrictive setting had to be met as soon as possible and that it was contrary to specific provisions of state law to withhold needed treatment pending unnecessary approval by the committing court. The superior court reversed the order of the probate court, remanded the matter for a hearing within thirty days, and instructed the probate court to require individualized treatment consistent with Cannon's needs and pursuant to a fully developed individualized service plan

including, if clinically appropriate, participation in community-based programs.

DHR filed a second motion to dismiss Cannon's petition for lack of jurisdiction in the DeKalb Probate Court based on the holding of *O'Neal v. State*, 185 Ga. App. 838 (365 SE2d 894) (1988). The probate court denied it without consideration because the court was subject to the superior court order. After holding an evidentiary hearing on the petition, the probate court denied it, concluding that Cannon was not being unjustly denied a right or privilege granted by applicable state statutes.

Cannon appealed to the DeKalb Superior Court and DHR filed a motion to dismiss based on the jurisdictional ground. The superior court denied DHR's motion and certified the denial for immediate review.

1. Whenever a defendant is found not guilty by reason of insanity at the time of commission of the crime, the committing court retains jurisdiction over the acquittee. OCGA § 17-7-131 (d). Our Supreme Court has specifically held that "[t]he superior court, and not mental health professionals, has the responsibility for deciding applications for release under OCGA § 17-7-131. [Cit.]" *Butler v. State*, 258 Ga. 344, 345 (1) (369 SE2d 252) (1988). In *O'Neal*, supra, a majority of this court held that "the jurisdiction afforded committing courts pursuant to OCGA § 17-7-131 is not limited to the rendition of the initial commitment order and final release decision, but also encompasses the authority to render all other decisions necessary for the treatment of the insanity acquittee as well as those decisions necessary to ensure both the acquittee's safety and the safety of the community." Id. at 840.

The committing court has a broad jurisdiction over the not guilty by reason of insanity acquittee. Therefore, the Superior Court of Fulton County had authority to consider Cannon's requests for off-campus treatment. The question is whether or not its authority was exclusive.

2. OCGA § 37-3-148 (b) permits a patient or his representative to file a petition alleging that the patient is being unjustly denied a right or privilege granted by Chapter 3 of Title 37 or that a procedure authorized by that chapter is being abused. The subsection provides that the petition be filed in the "appropriate court" and that such court will have the authority to conduct a judicial inquiry and to issue appropriate orders to correct any abuse.

While the general definitions in Chapter 3 provide that "court" means "[i]n the case of an individual who is 17 years of age or older, the probate court of the county of residence of the patient or the county in which such patient is found," OCGA § 37-3-1 (4) (A), subsection (b) of OCGA § 37-3-148 is silent as to the appropriate court of

inquiry.

In contrast, subsection (a) of the statute specifically considers the committing court in the situation of a petition for a writ of habeas corpus by or on behalf of a not guilty by reason of insanity acquittee. It provides, *inter alia*, that a copy of the petition along with proper certificate of service must be served upon the presiding judge of the court ordering the detention.

The legislature clearly intended the committing court to be a continuing monitor in the case of the not guilty by reason of insanity defendant. The specific reference in subsection (a) of notice to the committing court acknowledges and accounts for this as well as the common circumstance of a writ of habeas corpus being brought before a court other than the one ordering the detention. Although it does not involve the writ of habeas corpus, to interpret subsection (b) of the same statute as allowing any forum other than the committing court as the "appropriate" one in the situation of a not guilty by reason of insanity acquittee would be to allow the adjudication of the petition without even notice to the very forum responsible for the ultimate determinations of detention and release.

We view a statute "so as to make all its parts harmonize and to give a sensible and intelligent effect to each part. It is not presumed that the legislature intended that any part would be without meaning." *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (2) (219 SE2d 115) (1975), answers to certified questions applied, 136 Ga. App. 781 (222 SE2d 209) (1975). In addition, " '[i]t is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature.' [Cit.] 'The construction must square with common sense and sound reasoning.' [Cit.]" *State v. Mulkey*, 252 Ga. 201, 204 (2) (312 SE2d 601) (1984), on remand, 170 Ga. App. 629 (318 SE2d 838) (1984).

Investing the committing court with exclusive jurisdiction in the case of a not guilty by reason of insanity acquittee's petition under OCGA § 37-3-148 (b) implements the legislative intent and better serves both the interests of the acquittee and the public by providing one continuing, consistent, and informed body to monitor, assess and act on changes in circumstances of the acquittee. Such a one is not a civil acquittee but a person who is in custody because of his or her special and particular status as an acquittee of a criminal charge. This status does not change just because he or she is seeking a change in treatment rather than full release.

We conclude that the committing court is the only appropriate court to entertain a petition under OCGA § 37-3-148 (b) in the case of a defendant not guilty by reason of insanity. Therefore, as it originally recognized, the probate court was without authority to consider

Cannon's petition. The reviewing superior court erred in refusing to dismiss the appeal from the probate court for lack of jurisdiction.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 23, 1989 —
REHEARING DENIED JULY 19, 1989.

*Michael J. Bowers, Attorney General, H. Perry Michael, First Assistant Attorney General, William C. Joy, Senior Assistant Attorney General, B. Patricia Downing, Assistant Attorney General,* for appellants.

*Susan C. Jamieson, Katherine E. Bissell,* for appellee.