A90A0820. HAUGEBROOKS v. THE STATE.
(395 SE2d 348)

BANKE, Presiding Judge.

Following a 1984 incident in which he allegedly smashed some windows in an apartment and pointed a pistol at a police officer, the appellant was indicted for criminal damage to property in the second degree, aggravated assault upon a police officer, and possession of a firearm by a convicted felon. He was found not guilty of these offenses by reason of insanity and was committed to the custody of the Georgia Department of Human Resources pursuant to OCGA § 17-7-131. Each year for the past four years he has made application to the committing court for release from such commitment, and each year his application has been denied. This appeal is from the most recent such denial, entered on September 12, 1989.

According to the Medical Director of the Forensic Psychiatry Unit at Georgia Regional Hospital, the appellant's current diagnosis is "schizophrenia, paranoid type, in remission." This witness stated that in her opinion the appellant was "quite capable of taking care of himself at this time" and that he posed no threat to himself or others. However, it was shown that approximately a year prior to the hearing the appellant had undergone a "decompensation" after being taken off his medication; and the psychologist who had been responsible for supervising his care and treatment at that time testified that he believed that without his medication the appellant would probably decompensate again over time. It was shown that the appellant had been an outpatient at the Fulton County Mental Health Center at the time of the incident which led to his indictment in 1984 and that his violent outburst on that occasion had occurred after he discontinued taking his prescribed medication. *Held*:

" 'Under our law the acts admitted by the (special plea of in-

sanity) establish that the (appellant) meets the criteria for civil commitment. (Cits.) Once that condition has been established, it is presumed to continue at the time of the application for release. *Clark v. State*, 245 Ga. 629 at 631. The burden is on the applicant to establish he does not meet the criteria for involuntary commitment. OCGA § 17-7-131 (f) (2). . . . The trial judge, as the finder of fact, is not bound by the opinions of either lay or expert witnesses and may rely upon the basic presumptions permitted by law. *Moses v. State*, 245 Ga. 180, 181. . . .' [Cit.]" *Cox v. State*, 171 Ga. App. 550, 551 (320 SE2d 611) (1984).

In this case, as in *Cox*, supra, the evidence authorized the trial court to deny the appellant's application for release from commitment.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED JUNE 13, 1990.

Lori D. Spielberger, Jonathan Goldberg, for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, A. Thomas Jones, Rebecca A. Keel, Assistant District Attorneys, for appellee.