A91A1124. STEPHENS v. THE STATE.
(412 SE2d 571)

POPE, Judge.

Appellant Kenneth Leon Stephens was indicted for the offenses of pointing a pistol at another, carrying a concealed weapon, carrying a pistol without a license, possession of a firearm by a convicted felon and arson. In March of 1985 he entered a special plea of not guilty by reason of insanity and was committed to the custody of the Department of Human Resources, under the provisions of OCGA § 17-7-131, to receive involuntary treatment pursuant to Chapter 3 of Title 37 of OCGA. On October 19, 1990, appellant filed his second petition for release from custody pursuant to OCGA § 17-7-131 (f), contending he no longer met the criteria for civil commitment. The trial court denied appellant's petition for release and appellant filed a timely appeal to this court. We affirm.

1. In his first two enumerations of error appellant argues the trial court erred in denying his petition for release because he met his burden of showing that he no longer meets the criteria for continued civil commitment. In support of his argument appellant points to the testimony of Dr. Robert J. Storms, chief psychologist for the Forensic Services Division of Central State Hospital, who testified that appellant met all the criteria for release established by the hospital and that it was his position, as well as the position of the staff at the hospital, that appellant should be released. Dr. Storms also testified that appellant suffers from a biochemical (manic-depressive/paranoid-agressive) disorder which is controlled, but not cured, by medication (lith-

ium). On cross-examination Dr. Storms testified that appellant was being maintained on lithium at the time he committed the offenses giving rise to the charges which led to his confinement but that appellant had quit taking his medication at that time. However, Dr. Storms testified it was his opinion that appellant now had a better understanding of his need to take his medication. Testimony was also offered that appellant had escaped and remained outside the confines of the hospital for approximately three years shortly after his original confinement and that approximately a year ago appellant had become aggressive and had to be moved to a more restrictive environment following the denial of his first petition for release.

"The superior court, and not mental health professionals, has the responsibilty for deciding applications for release under OCGA § 17-7-131. *Loftin v. State*, 180 Ga. App. 613, 615 (349 SE2d 777) (1986). The court may rely on the presumption of continued insanity, OCGA § 24-4-21, and is not bound by the opinions of either lay or expert witnesses, *Cox v. State*, 171 Ga. App. 550, 551 (320 SE2d 611) (1984), and *Pitts v. State*, 151 Ga. App. 691, 695 (261 SE2d 435) (1979)." *Butler v. State*, 258 Ga. 344, 345 (1) (369 SE2d 252) (1988). In this case the trial court, based on the evidence presented, was authorized to deny the appellant's application for release from commitment. See, e.g., *Haugebrooks v. State*, 196 Ga. App. 5 (395 SE2d 348) (1990); *Cox v. State*, 171 Ga. App. 550 (320 SE2d 611) (1984). Consequently, appellant's first two enumerations of error are without merit.

2. Appellant next contends it was error for the trial court to refuse to admit into evidence a psychological report prepared by the staff of Central State Hospital because OCGA § 17-7-131 (e) (3) gives him the right to offer evidence. The record shows, however, that appellant did not challenge the trial court's ruling on the admissibility of the evidence; consequently he has wavied the right to raise this issue on appeal. See *Lewis v. State*, 198 Ga. App. 808, 809 (2) (403 SE2d 233) (1991); *Holland v. State*, 197 Ga. App. 496 (1) (398 SE2d 810) (1990); *Brinson v. State*, 191 Ga. App. 151 (2 & 3) (381 SE2d 292) (1989).

3. Appellant next challenges the trial court's failure to exclude the testimony of the State's witness, Dr. Martin Youngleson. However, the arguments posited in support of this enumeration go to the credibility of the witness and the weight to be given his testimony; they do not support appellant's contention that the testimony should have been excluded. Thus we find no merit to this enumeration.

4. Appellant also raises for the first time on appeal certain constitutional challenges to OCGA § 17-7-131. "While this is an enumeration of error over which the Georgia Supreme Court has exclusive jurisdiction, we need not transfer the appeal for lack of jurisdiction because defendant did not raise this constitutional issue at trial and

therefore forfeited his right to raise the issue on appeal. *Senase v. State*, 258 Ga. 592 (372 SE2d 813) (1988)." *Anthony v. State*, 197 Ga. App. 297, 299 (3) (398 SE2d 580) (1990). See also *Grant v. McKiernan*, 82 Ga. App. 82 (1) (60 SE2d 794) (1950).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 5, 1991.

*Barham & Manley, William W. Barham,* for appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Joseph J. Drolet, A. Thomas Jones, Assistant District Attorneys,* for appellee.