*tant District Attorney*, for appellee.

## A91A1959. CRAWFORD v. THE STATE.
### (415 SE2d 300)
BIRDSONG, Presiding Judge.

David Crawford appeals from the judgment of the superior court denying his request for relief from custody under OCGA § 17-7-131. The record shows in 1986 Crawford was found not guilty of murder by reason of insanity and was remanded to the custody of the State Department of Human Resources. In April of 1991, Crawford moved to be released from custody, but after an evidentiary hearing in which the testimony from the mental health professionals was generally favorable to Crawford's release, the superior court found that Crawford met the criteria for involuntary commitment under Chapters 3 and 4 of Title 37 of the Official Code of Georgia and denied release. Crawford enumerates as error the lower court's denial of his motion. *Held*:

Under the law of this state once a person has been found not guilty by reason of insanity and committed to a mental hospital, the presumption of insanity continues during consideration of motions for release. OCGA § 24-4-21; *Clark v. State*, 245 Ga. 629, 631 (266 SE2d 466). "The superior court, and not mental health professionals, has the responsibility for deciding applications for release under OCGA § 17-7-131. The court may rely on the presumption of continued insanity, and is not bound by the opinions of either lay or expert witnesses. The court also may take judicial notice of the evidence at trial." (Citation and punctuation omitted.) *Butler v. State*, 258 Ga. 344, 345 (369 SE2d 252).

Although mental health professionals generally supported Crawford's release, their recommendations were based on their conclusions that Crawford was no longer a danger to himself or others because Crawford's mental condition was controlled by medication and that he would continue to take this medication if he were released. Although not entirely accepting of this sudden reversal of earlier recommendations, the trial judge noted that Crawford was under medication at the time he committed the murder, but quit taking it because he decided that he no longer needed it. Further, the trial judge also noted that during the hearing Crawford stated he believed the medication was beneficial, but he did not believe he needed to take the medication to function in society; Crawford also expressed other irrational beliefs about another's ability to throw "hates" at him. Moreover, having acted upon numerous earlier requests concerning Crawford's custody, the trial judge was very familiar with Crawford's

mental condition and his case history, and his order denying release is well documented.

Accordingly, under the circumstances, the record satisfies us that the trial judge did not err by denying Crawford's release. *Jones v. State*, 191 Ga. App. 561, 562 (382 SE2d 612).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JANUARY 31, 1992.

*Kenneth C. Fuller*, for appellant.

*Stephen F. Lanier, District Attorney, Leigh E. Patterson, Assistant District Attorney*, for appellee.

