S07A0107. ARNOLD v. HOWERTON.
(646 SE2d 75)

HINES, Justice.

This Court granted Bernard Arnold's application for a certificate of probable cause to appeal the denial of habeas corpus relief. For the reasons that follow, we reverse.

Arnold was indicted on charges of burglary, theft by taking, kidnapping, rape, aggravated sodomy, criminal trespass, and three counts of possession of a firearm during the commission of a crime. On April 20, 1999, Arnold pled guilty to charges of kidnapping, rape, and one count of possession of a firearm during the commission of a crime; an order of nolle prosequi was entered on the other charges. In 2003, Arnold filed a petition for a writ of habeas corpus, asserting that his guilty plea was not knowingly and voluntarily entered. After a hearing, the habeas court denied his petition, ruling that the record showed that Arnold had been advised of the rights required by *Boykin v. Alabama*, 395 U. S. 238, 243 (89 SC 1709, 23 LE2d 274) (1969).

This Court recently reiterated that

> the entry of a guilty plea involves the waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. It is the duty of a trial court to establish that the defendant understands the constitutional rights being waived, and the record must reveal the defendant's waiver of those constitutional rights. *Boykin v. Alabama*, [supra]. Once a petitioner in a habeas proceeding challenges the validity of a guilty plea, the State has the burden to demonstrate that the plea was voluntarily, knowingly and intelligently made. The State can accomplish this by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or adding to a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.

(Citations and punctuation omitted.) *Hawes v. State*, 281 Ga. 822, 823 (642 SE2d 92) (2007).

The record in this case does not support the habeas court's conclusion that the State met its burden to demonstrate that Arnold properly waived his three *Boykin* rights. The guilty plea and sentencing transcripts show that the trial court advised Arnold of some of his constitutional rights, including the presumption of innocence, right to a jury trial, and the right to call and confront witnesses, but not the privilege against compulsory self-incrimination. Even though the record also shows that Arnold responded affirmatively to the trial court's question as to whether his attorney advised him of "your rights," those rights were not identified by the court; nothing in the plea transcript shows that Arnold was cognizant of what was referred to by the phrase "your rights."

And, at the hearing on Arnold's petition for a writ of habeas corpus, the State simply asked Arnold's trial counsel whether Arnold "was advised of the rights that he would be giving up by pleading guilty?" Counsel responded:

> before I ever take a client to a plea, I advise them of all the questions the court is going to ask as part of the plea colloquy and advised him of the rights that he's giving up and the statements that he is going to be asked to make before the court because he will be under oath at the time and he will have to respond to certain questions. So he knew what the answers would be to those questions ahead of time if he wanted to successfully get through the plea.

Counsel did not testify as to any details of his advice to Arnold concerning the rights he would be giving up; counsel did not identify the rights about which he advised Arnold, or testify as to counsel's standard practice in advising criminal defendants before guilty pleas in relation to the *Boykin* rights, or even mention "*Boykin* rights" in his testimony. See *Green v. State*, 279 Ga. 687, 689 (620 SE2d 788) (2005).

Nor does counsel's reference to his practice of advising clients "of all the questions the court is going to ask as part of the plea colloquy" aid the State in meeting its burden. As noted above, during the plea colloquy, the trial court did not ensure that Arnold was aware of all three *Boykin* rights, failing to address the privilege against compulsory self-incrimination. Without more specificity, counsel's act of advising Arnold of the questions expected to be posed by the trial court does not establish that Arnold was advised of all three required *Boykin* rights.

As this Court has previously noted, *Boykin* does not command the use of any precise "magic words" in establishing that a defendant

understands the rights he is waiving by pleading guilty. *Hawes*, supra at 824. However, the record in this case fails to show that any comment by the trial court, or by Arnold's counsel, informed him that by pleading guilty he would waive his privilege against compulsory self-incrimination. Id. at 825. Accordingly, the habeas court erred in finding that the State met its burden of establishing that Arnold's guilty plea was made voluntarily, knowingly, and intelligently.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 4, 2007.

Bernard Arnold, Sr., *pro se.*

*Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General,* for appellee.