## S09A0079. DENSON v. FRAZIER.

(672 SE2d 625)

SEARS, Chief Justice.

In 2005, Rodney Denson pled guilty to aggravated assault with a deadly weapon against his wife, possession of a firearm during the commission of a felony, and cruelty to children in the first degree and nolo contendere to a charge of aggravated assault with a deadly weapon against his stepdaughter. He was sentenced to 22 years in

prison followed by 13 years on probation. In 2007, he filed a petition for writ of habeas corpus alleging a violation of *Boykin v. Alabama*.[1] Following an evidentiary hearing, the habeas court denied the petition. We granted Denson's application for a certificate of probable cause to appeal and directed the parties to brief the following question: "Whether the habeas court erred in finding that extrinsic evidence showed that petitioner was informed that a guilty plea waives his privilege against self-incrimination, a *Boykin v. Alabama*, 395 U. S. 238 (1969), right." We now reverse.

On November 22, 2004, Denson, a middle school assistant principal in the Fulton County school system, brutally attacked his wife, elementary school teacher Elletta Lynette Bailey, and his 16-year-old stepchild. Denson shot Bailey six times and threatened to shoot his stepdaughter, forcing her to cower on the floor begging for her life. Bailey survived, but she was severely injured in the attack and incurred tens of thousands of dollars in medical bills. It is doubtful she will ever fully recover.

Shortly after he committed the crimes, Denson called several friends and confessed to them that he had just shot his wife. He subsequently pled guilty to aggravated assault with a deadly weapon against Bailey, possession of a firearm during the commission of a felony, and cruelty to children in the first degree. He pled nolo contendere to a charge of aggravated assault with a deadly weapon against his stepdaughter. Following an evidentiary hearing, the trial court accepted Denson's plea, and on December 1, 2005, the trial court sentenced him to 22 years in prison and an additional 13 years on probation following his release.

Denson filed a petition for a writ of habeas corpus on June 8, 2007. The habeas court conducted an evidentiary hearing at which the transcript from the 2005 plea hearing was introduced into evidence. The transcript unambiguously showed that Denson was advised of two of his *Boykin* rights: the right to a jury trial and the right to confront the witnesses against him. However, it is equally clear from the transcript that Denson was not advised during his plea colloquy that by entering a mixed plea of guilty and nolo contendere, he was waiving his third *Boykin* right, i.e., the right against self-incrimination. The file from Denson's criminal case was also introduced into evidence at the habeas hearing. However, like the plea transcript, it contained no evidence that Denson was advised of his right not to incriminate himself.[2] Forced to rely on extrinsic

---

[1] *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

[2] The criminal case file from Fulton County was introduced in two parts at the habeas hearing, and it appears to be incomplete. For example, it does not contain the indictment. Moreover, there is an intriguing reference in the plea transcript to a document the assistant

evidence to demonstrate a valid plea, the Attorney General's office called one of Denson's two trial counsel to the stand at the habeas hearing.

Denson's trial counsel testified that he did not recall which rights he went over with Denson and that his usual practice is *not* to discuss with his clients each constitutional right they are waiving by pleading guilty or nolo contendere. He said that instead, he advises his clients in blanket terms that by entering a plea, they are waiving "all of the[ir] Constitutional rights." With respect to Denson's case in particular, he stated as follows: "I would doubt very seriously that I would have picked out each and every Constitutional right that he is entitled to and specifically discuss[ed] that particular Constitutional right." Indeed, at the habeas hearing, Denson's trial counsel could not identify the three constitutional rights the decision in *Boykin* requires the State to affirmatively prove the defendant was advised of and waived to uphold a guilty plea in a later proceeding. Nevertheless, on March 5, 2008, the habeas court entered a final order denying Denson's habeas petition.

In *Boykin*, the United States Supreme Court held that a guilty plea must be set aside unless the record of the plea colloquy or extrinsic evidence affirmatively shows that the defendant knowingly, intelligently, and voluntarily waived the right: (1) to be tried by a jury; (2) to confront his or her accusers; and (3) against self-incrimination.[3] The transcript of the 2005 plea colloquy affirmatively shows that Denson was advised that he would be waiving the first two rights but not the third, and the testimony of Denson's trial counsel at the habeas hearing shows that he did *not* otherwise inform Denson that he was waiving his right not to incriminate himself by entering his plea.[4] As Denson correctly asserts, mere speculation that a defendant was informed of all three *Boykin* rights is insufficient to uphold a guilty plea challenged in a habeas proceeding.[5] Though we review a habeas court's findings of fact under a clearly erroneous standard of review,[6] the State has pointed us to no extrinsic evidence

district attorney noted that Denson had signed, and at the evidentiary hearing on the habeas petition, Denson's trial counsel talked about a form that is regularly used for guilty pleas that lists the rights the defendant is waiving that the defendant must sign. It is possible the document referred to by the assistant district attorney at the plea hearing and the form described by Denson's trial counsel at the habeas hearing are one and the same. However, the document mentioned at the plea hearing, whatever it was, is not contained in the portions of the Fulton County file introduced at the habeas hearing.

[3] *Boykin*, supra, 395 U. S. at 242-243.

[4] Cf. *Arnold v. Howerton*, 282 Ga. 66, 68 (646 SE2d 75) (2007); *Johnson v. Smith*, 280 Ga. 235, 235 (626 SE2d 470) (2006).

[5] See *Baisden v. State*, 279 Ga. 702, 703 (620 SE2d 369) (2005); *Green v. State*, 279 Ga. 687, 689 (620 SE2d 788) (2005).

[6] *Head v. Thomason*, 276 Ga. 434, 436 (578 SE2d 426) (2003).

from which we could conclude that Denson knowingly, intelligently, and voluntarily waived his right against self-incrimination, and our own thorough review of the record has uncovered none. Accordingly, we must reverse the habeas court's judgment denying Denson's petition.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 26, 2009.

*Sarah L. Gerwig-Moore*, for appellant.

*Thurbert E. Baker, Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.