A97A1864. OBI v. THE STATE.

(496 SE2d 556)

Judge Harold R. Banke.

Kenneth Nnadi Obi was accused of using false information to obtain a drivers' license and unlawful use of license. He pleaded guilty to the latter, a misdemeanor offense, and was sentenced to time served. The record on appeal contains no transcript of the plea hearing. Obi enumerates four errors, challenging the trial court's acceptance of the plea. *Held*:

1. We reject Obi's contention that the trial court accepted his plea without assuring its voluntariness. Notwithstanding the absence of a transcript of the plea hearing and the fact that waiver may not be inferred from a silent record, the State satisfied its burden of establishing the voluntariness of the plea and the validity of Obi's waiver of the concomitant rights against self-incrimination, to a jury trial, and to confront one's accuser. *Parks v. State*, 223 Ga. App. 694, 695 (479 SE2d 3) (1996). The State met its burden with a written plea statement, made and signed in the court's presence, in which Obi acknowledged the specific rights he was waiving and admitted to freely and voluntarily entering the plea. Id.; see Uniform State Court Rule 33.11 (requiring the preservation of a record when guilty pleas are entered); compare *Warner v. State*, 214 Ga. App. 343, 344 (447 SE2d 692) (1994).

2. Obi maintains the trial court erred in accepting his plea without determining its factual basis as is required by Uniform Superior Court Rule 33.9. *State v. Evans*, 265 Ga. 332, 333 (1) (454 SE2d 468) (1995) (finding Rule 33.9 mandatory). Violations of Rule 33.9 do not always require reversal when the record otherwise establishes the trial court's awareness of the factual basis for the plea. Id. at 335-336 (3). Here, however, the only factual predicates for the plea the State has offered are (1) an application for arrest warrant from the county magistrate court which was not a part of the record on appeal and (2) a statement in its brief that the State, Obi's counsel, and the judge discussed the case in an unrecorded conference in chambers. This evidence, none of which was part of the record below, is clearly insufficient.[1] See *Crawford v. State*, 220 Ga. App. 786, 788 (1) (470 SE2d 323) (1996) (statements unsupported by the record will not be considered); see also *Tripp v. State*, 223 Ga. App. 73, 74 (476 SE2d 844) (1996) (physical precedent only).

"[I]t is incumbent upon the trial court to produce a record on the basis of which a reviewing court can determine whether an abuse of discretion occurred." *Evans*, 265 Ga. at 334. The record, as it stands, provides us with nothing to review. Accordingly, we remand for an on-the-record determination of the factual basis for the plea.[2]

3. Obi maintains that the trial court erred in accepting his plea when the statute of limitation barred his prosecution. The record shows that trial counsel raised this issue several days before the plea hearing. The record, however, contains no ruling on the motion, no indication that Obi objected to entering his plea without such a ruling, or showing that he otherwise attempted to elicit a ruling. *Ware v. Fidelity Acceptance Corp.*, 225 Ga. App. 41, 42 (1) (482 SE2d 536) (1997). Thus, the issue is waived. See *Peterson v. State*, 212 Ga. App. 31, 33 (3) (441 SE2d 267) (1994) (physical precedent only) (counsel's failure to obtain rulings on motions and objections ordinarily results in waiver).

4. Obi asserts that the trial court erred in accepting his plea because the accusation violates Georgia's prohibition against ex post facto prosecutions. Obi's failure to raise this issue in the trial court precludes our consideration of it on appeal. *Stephens v. State*, 201 Ga. App. 744, 745 (4) (412 SE2d 571) (1991). However, in determining the factual basis for the plea on remand, the trial court must apply the

---

[1] It is troubling that the information on the application stating that Obi obtained a license under a false name does not conform with the accusation, which charges him with assisting another person in procuring a false license.

[2] Obi's failure to file a motion to withdraw distinguishes *Caldwell v. State*, 213 Ga. App. 531, 532 (1) (445 SE2d 560) (1994) (physical precedent only), which reversed a judgment predicated on a plea entered without a determination of its factual basis.

law in effect at the time of the offense and decide whether Obi's actions constituted the crime charged. See *McIntosh v. State*, 185 Ga. App. 612, 615-616 (5) (365 SE2d 454) (1988).

*Judgment vacated and case remanded with direction. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 6, 1998.

*Gloria D. Reed*, for appellant.
*Keith C. Martin, Solicitor, Donna R. Sims, Assistant Solicitor*, for appellee.