S06A1243. THE STATE v. COOPER.
(636 SE2d 493)

CARLEY, Justice.

Acting pursuant to a plea bargain, Marion Cooper entered guilty pleas to two drug charges in 1992. After conducting a hearing, the trial court accepted the pleas and imposed the negotiated sentences. In 2005, Cooper petitioned for a writ of habeas corpus, alleging that the 1992 convictions were invalid and were being used to enhance his sentence for a federal offense. The habeas court granted Cooper's petition, finding that he

> was not adequately advised of his constitutional rights when he entered his guilty plea[s] and that he did not thereby make a knowing, voluntary, and intelligent waiver of those rights, and that the trial court failed to establish on the record the factual basis for the pleas . . . .

Pursuant to OCGA § 9-14-52 (c), the State appeals from the habeas court's order.

1. "A plea of guilty that is invalid under *Boykin* [*v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969)] may not be used to enhance punishment in a subsequent trial. [Cit.]" *Pope v. State*, 256 Ga. 195, 209 (17) (345 SE2d 831) (1986), overruled on other grounds, *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999). *Boykin* establishes that

[t]he entry of a guilty plea involves the waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers ([cit.]), and the trial court has a duty to ensure that the defendant understands the constitutional rights being waived. [Cits.] The record must disclose the accused's voluntary waiver of those constitutional rights since waiver will not be presumed from a silent record. [Cits.]

*Foskey v. Battle*, 277 Ga. 480, 481-482 (1) (591 SE2d 802) (2004). Thus, the burden was on the State "to address [Cooper's] challenge and show that the ' "guilty plea[s were] informed and voluntary, and made with an articulated waiver of the *three Boykin* rights." (Cit.)' [Cit.]" (Emphasis in original.) *Britt v. Smith*, 274 Ga. 611, 612 (556 SE2d 435) (2001).

Whether the trial court establishes on the record a factual basis for the guilty plea does not enter into the determination of the constitutional validity of the plea under *Boykin.* As the habeas court itself recognized, that requirement is only imposed on the trial court pursuant to Uniform Superior Court Rule (USCR) 33.9. See *State v. Evans*, 265 Ga. 332 (454 SE2d 468) (1995). Although USCR 33.9 "applies in a guilty plea hearing, this is a habeas corpus proceeding, and that Rule does not apply here because it is not of constitutional magnitude." *Britt v. Smith*, supra at 615. "We cannot elevate the provisions of that Rule to the status of requirements of constitutional dimension, by ignoring the controlling principle that 'habeas corpus is available to review constitutional deprivations only . . . .' [Cit.]" *Britt v. Smith*, supra at 612. Therefore, the habeas court erred in predicating the grant of relief upon the trial court's failure to establish on the record a factual basis for Cooper's guilty pleas.

2. The habeas court's conclusion that Cooper did not make a knowing and voluntary waiver of his *Boykin* rights was based on its finding that

[t]he guilty plea transcript . . . reveals that the trial court did not inform [Cooper] of any of the rights being waived by pleading guilty . . . . The transcript does provide that the court inquired as to whether [Cooper] had read and understood the plea petition, whether the answers were truthful and made under oath, and whether [he] was satisfied with his attorney. [The State] provided no extrinsic evidence in an effort to meet its burden in this regard.

Thus, it is clear that the habeas court considered the sole determinative factor to be the failure of the trial court to inform Cooper expressly of the constitutional rights that he would be waiving by entering the guilty pleas. "[T]he better practice is to discuss every essential right a defendant is waiving, on the record with that defendant." *Moore v. State*, 225 Ga. App. 860 (1) (485 SE2d 552) (1997). Nevertheless, the decisive question is not whether the trial court followed this "better practice," but " ' " 'whether the record, as a whole, affirmatively shows (the) plea was knowing and voluntary.' (Cits.)" (Cit.)' [Cit.]" *Britt v. Smith*, supra at 614. The "record, as a whole," includes elements which the habeas court did not consider as probative, including the plea petition executed by Cooper and the trial court's inquiries concerning Cooper's understanding of the terms of that document.

> [A] plea statement form signed by a defendant — such as [that] signed by [Cooper] — can be used to show that a guilty plea is knowingly and voluntarily entered, when the plea statement is placed into the record and combined with a colloquy like the one that occurred between the trial court and [Cooper] in this case. [Cits.]

*David v. State*, 279 Ga. App. 582, 584-585 (631 SE2d 714) (2006). Therefore, resolution of this case requires an examination of the form executed by Cooper, as well as what transpired at the plea hearing.

Insofar as the three *Boykin* rights are concerned, the Petition To Enter Plea of Guilty signed by Cooper asked him to signify by checking either a "yes" or "no" blank whether he understood that, if he pled not guilty, he could not be compelled to incriminate himself and would have the right to be tried by a jury and to confront his accusers. With regard to compulsory self-incrimination (# 17) and confrontation of the prosecution's witnesses (# 15), Cooper checked the "yes" blank, thereby clearly signifying an understanding that he had those rights. As for the right to a jury trial mentioned in question # 14, however, neither the "yes" nor the "no" blank was checked. Thus, giving exclusive focus to that particular question as it appears on the document, there is no proof that Cooper understood that he had a right to trial by jury. However, because the "no" blank was not checked and the question was simply left blank, that portion of the form likewise does not constitute proof that he did not understand that he had that right. The absence of a check mark in either the "yes" or the "no" blank is ambiguous, and may indicate no more than an oversight. Accordingly, the remaining "record, as a whole," must be examined to determine whether he entered his guilty pleas with a full understanding that, by doing so, he waived the right to a jury trial.

In question 20 of the same form, Cooper was asked if he understood that, if he pled guilty, he "will have waived, that is, given up, each of the rights mentioned in questions 13 through 19?" These include, of course, question 14 which, as above pointed out, was not specifically answered one way or the other. Cooper checked the "yes" blank next to question 20, indicating that he understood that he was waiving the rights mentioned in the designated questions including question 14 specifically referring to the right to a jury trial. The petition also asked Cooper whether his guilty pleas were being "given voluntarily and of [his] free will and accord." (# 31) Again, he checked the "yes" blank. When asked whether he understood "all these questions," Cooper indicated that he did, with the sole exception of one which did not relate to his three *Boykin* rights. (# 35) He also acknowledged that his "lawyer [had] gone over all these questions and [his] answers to them with [him]." (# 33) Cooper responded "no" to the inquiry regarding whether "there [was] any other information or advice [he] want[ed] before [he] enter[ed] a plea of GUILTY?" (# 36) Thus, a fair assessment of the entirety of the form leads to the conclusion that Cooper acknowledged that, after reviewing the questions and answers with his counsel, he understood that, by pleading guilty, he was waiving his constitutional right to a jury trial freely and voluntarily. Compare *Green v. State*, 279 Ga. 687 (620 SE2d 788) (2005) (no evidence regarding waiver of privilege against self-incrimination and right of confrontation); *Foskey v. Battle*, supra (no evidence regarding waiver of privilege against self-incrimination and right of confrontation).

That assessment is consistent with and corroborated by what occurred at the guilty plea hearing. As the habeas court acknowledged, the transcript of that hearing shows that the trial court asked Cooper whether he had read the plea petition, understood "all the questions" and had answered truthfully. To these inquiries, Cooper responded "Yes, sir." Thus, he reaffirmed in open court that, having conferred with his lawyer, he understood that, by entering the guilty pleas, he would be waiving his constitutional rights, including the right to a jury trial. Compare *Green v. State*, supra; *Foskey v. Battle*, supra.

"[I]t is incumbent upon the trial court to ensure that a defendant understands that, by pleading guilty, he is relinquishing constitutional rights to which he is otherwise entitled." *Bowers v. Moore*, 266 Ga. 893, 895 (1) (471 SE2d 869) (1996). The plea form and the transcript of the guilty plea hearing show that the State met that burden of proof. In opposition, Cooper's affidavit merely stated that he did "not remember going over any plea form with [his] lawyer, and [the attorney] did not advise [him] of any rights." Regardless of what Cooper does or does not remember almost 14 years after the fact, it is

undisputed that, based on the plea petition that he signed and then reaffirmed before the trial court, he did review the form with his lawyer and did understand that, by pleading guilty, he was relinquishing his constitutional rights, including the three implicated by *Boykin. David v. State*, supra. Therefore, the evidence demanded a finding that Cooper's guilty pleas were freely and voluntarily entered, and the habeas court erred in granting relief.

*Judgment reversed. All the Justices concur.*

SEARS, Chief Justice, concurring.

I fully concur in the majority opinion. However, given the loss of liberty occasioned by guilty pleas, I write to urge trial courts to establish on the record at the guilty plea hearing that a defendant is making a knowing and intelligent waiver of critical constitutional rights before pleading guilty. Establishing such a record requires only a minimal effort and ensures the integrity of the guilty plea process.

I am authorized to state that Justice Benham and Justice Thompson join in this concurrence.

DECIDED OCTOBER 4, 2006.

*Michael H. Crawford, District Attorney, Richard K. Bridgeman, Assistant District Attorney*, for appellant.
*Douglas L. Henry*, for appellee.