## S07A1560. THE STATE v. HEMDANI.
### (651 SE2d 734)

MELTON, Justice.

Following the grant of habeas corpus relief to Ameer Hemdani, the State appeals, contending that the habeas court erred by finding that Hemdani's guilty plea to one count of sexual battery and one count of simple battery were not knowingly, voluntarily, and intelligently made. We affirm.

In habeas proceedings, the State bears the burden of showing that a challenged guilty plea was knowingly, voluntarily, and intelligently entered.[1] To satisfy this burden, the State may point to evidence on the record of the guilty plea hearing that the defendant was fully informed and cognizant of all of his rights being waived and the consequences of his plea, as required by *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). See *Goodman v. Davis*, 249 Ga. 11 (287 SE2d 26) (1982). On the other hand, if the record is silent, the State may rely on extrinsic evidence clearly showing that the plea was knowing and voluntary. *King v. State*, 270 Ga. 367 (1) (509 SE2d 32) (1998). The best means to provide an adequate record is to have the trial court "advis[e] the defendant of the constitutional rights which are waived by pleading guilty and . . . recording the dialogue between the defendant and the trial court to illustrate that the defendant understands the significance of the rights he is waiving." (Punctuation and footnote omitted.) Id. at 369 (1).

In this case, the record shows that, on December 18, 2001, an accusation was filed against Hemdani for two counts of sexual battery and one count of simple battery. On March 7, 2002, Hemdani, who was represented by counsel, entered a negotiated plea of guilty to one count of sexual battery and one count of simple battery.[2] Hemdani later filed a petition for writ of habeas corpus on November 17, 2006, alleging, among other things, that his plea was not knowingly, voluntarily, and intelligently entered in accordance with *Boykin*, supra. See also USCR 33.8. Specifically, Hemdani maintained that, although he had been informed by the trial court of his right to a jury trial, he had not been properly informed of his remaining two *Boykin* rights, namely his right to the assistance of counsel at trial and his right against self-incrimination. The State concedes this fact, and,

---

[1] The State attempts to argue that Hemdani should have the burden of proof in this case based upon *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999). We have previously held, however, that "*Nash* is inapplicable to habeas proceedings because the holding in that case was specifically limited to recidivism cases where the state is seeking to use a prior guilty plea to enhance punishment." *Byrd v. Shaffer*, 271 Ga. 691, 692 (2) (523 SE2d 875) (1999).

[2] As a result of Hemdani's conviction and sentence (which has already been served in its entirety), Hemdani now faces deportation.

although the plea hearing was audiotaped, the State provided neither a functional copy of that tape nor a transcription for inclusion in the record.

The record does contain a plea agreement which Hemdani signed prior to entering his plea, and this agreement does list the requisite *Boykin* rights. Hemdani's attorney apparently signed this form as well; however, the form contains no representations from Hemdani's attorney regarding any interaction she may have had with her client regarding the plea form or its contents. Furthermore, no evidence of this interaction, if any, was provided at the habeas hearing, as Hemdani's attorney was neither called as a witness nor otherwise questioned about the events of the plea hearing.

This record supports the habeas court's grant of relief to Hemdani. First, it is undisputed that the trial court did not fully inform Hemdani of his *Boykin* rights during his plea hearing. Second, there is no evidence of record that the trial court entered into any colloquy with Hemdani to ensure that he read and fully understood the plea agreement which he signed. Third, there is no evidence that Hemdani's trial counsel discussed his *Boykin* rights with him or that it was her standard practice of doing so. See *Green v. State*, 279 Ga. 687 (620 SE2d 788) (2005). Finally, there is no evidence that trial counsel actually went over the plea agreement with her client or any of the information that it contained. Therefore, this record provides nothing more than the state's speculation that Hemdani's trial counsel might have possibly discussed his *Boykin* rights with him based on trial counsel's act of signing the plea agreement. This evidence falls far short of that necessary to show that Hemdani's plea was properly entered, as the record must contain some affirmative evidence that either the trial court or trial counsel entered into a colloquy with defendant and explained all three of his *Boykin* rights. *King*, supra, 270 Ga. at 371 (1) (summary statement on form that plea was proper insufficient to satisfy *Boykin*).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 9, 2007.

*Gwendolyn Keyes Fleming*, District Attorney, *Alvera A. Wheeler*, Assistant District Attorney, *Robert D. James, Jr.*, Solicitor-General, for appellant.

*Noah H. Pines*, for appellee.