S09A1630. MOORE v. THE STATE.
(684 SE2d 605)

THOMPSON, Justice.

On August 20, 1980, Jerry Moore entered a counseled plea of guilty to malice murder and was sentenced to life imprisonment. In March 2009, almost 29 years later, Moore filed a pro se motion to obtain an out-of-time appeal based on allegations that the plea was not knowingly and voluntarily entered, that the arrest warrant was invalid, and that he was denied effective assistance of plea counsel. His motion was denied and Moore appeals, raising the same issues.

Because we conclude that these claims do not entitle Moore to an out-of-time appeal, we affirm.

1. Moore contends that he is entitled to an out-of-time appeal because his guilty plea was not entered knowingly and voluntarily. "When a defendant pleads guilty and then seeks an out-of-time appeal from that plea, he must make the threshold showing that he would have been entitled to file a timely direct appeal from the plea because the issues he is raising can be decided from facts appearing in the record." *Sweeting v. State*, 291 Ga. App. 693, 694 (662 SE2d 785) (2008). Accord *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). If it is apparent from this Court's examination of the record that Moore's allegations regarding the validity of his guilty plea must be resolved against him, " 'it cannot be said that he had a right to file even a timely notice of appeal.' [Cit.]" *Brown v. State*, 280 Ga. 658, 659 (2) (631 SE2d 687) (2006). See also *Golden v. State*, 299 Ga. App. 407 (683 SE2d 618) (2009) (even where the issue can be resolved by reference to the record, a defendant is not entitled to an out-of-time appeal where the record shows those issues must be resolved against him); *Bowers v. State*, 267 Ga. App. 260 (1) (599 SE2d 249) (2004) (an out-of-time appeal is properly denied where issues can be resolved by reference to the record but their resolution is not in defendant's favor). The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court and the court's decision will not be reversed absent an abuse of that discretion. *Sweeting*, supra.

Although Moore asserts that his plea was invalid because the trial court failed to follow the mandates of Uniform Superior Court Rule 33, his 1980 plea predated the Uniform Rules for the Superior Courts (adopted by this Court effective July 1, 1985, and applicable to "all pending cases"). 253 Ga. 800 (1985). Prior to the application of the Uniform Rules, the voluntariness of a guilty plea was determined by reviewing the record in accordance with the criteria set forth in *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). *Dean v. State*, 177 Ga. App. 123 (2) (338 SE2d 711) (1985). See also *Andrews v. State*, 237 Ga. 66 (1) (226 SE2d 597) (1976); *Purvis v. Connell*, 227 Ga. 764 (182 SE2d 892) (1971).[1] Thus, we review the record to determine the validity of Moore's plea under the *Boykin* criteria.

The record on appeal contains a signed, sworn plea acknowledgment form which Moore completed by hand and in which he verified his ability to read and write, that he had been educated through the

---

[1] Currently, plea proceedings must comply with USCR 33, as well as the federal constitutional requirements set out in *Boykin*, supra. See *Britt v. Smith*, 274 Ga. 611 (556 SE2d 435) (2001), explaining the distinction.

11th grade, and that he was not under the influence of drugs or alcohol. He also responded affirmatively on the form to a lengthy series of questions, including his understanding of the indictment, the nature of the charge against him, and the minimum and maximum penalties that could be imposed for the crime. In addition, he acknowledged his understanding of the right to trial by jury, to subpoena witnesses, to remain silent, to confront his accusers, and that by pleading guilty he waived these rights and any defenses to the charge. He further expressed satisfaction with his counsel and acknowledged that they had sufficient time to confer with him prior to the entry of the plea. Finally, Moore averred that his answers on the form were consistent with those he gave in open court, and were true and correct.

The form also contained a sworn, signed certificate of counsel certifying that Moore's counsel had conferred with him, explained his statutory and constitutional rights, and advised him of the nature of the charges and possible consequences. The form concluded with a certification from the trial judge that Moore was sworn in open court where the questions contained in the plea form were posed to him and that he responded in accordance with his answers on the form. The court also certified that Moore "pled guilty as charged in the bill of indictment," that he understood the charges against him and the consequences of a guilty plea, and that the plea was "voluntarily, freely, knowingly, and understandingly made, and is made without undue influence, compulsion, or duress, and without promise of leniency." In accordance therewith, the court accepted the plea.

In connection with the motion for an out-of-time appeal, Moore requested that the clerk of court provide him with a transcript of the 1980 plea proceedings. The clerk responded that a transcript could not be provided because the court reporter had not filed one. Thus, while we have no transcript of the plea colloquy in open court, "we are not faced in this case with a silent record, but a record which shows that [Moore] understood the nature of the charges against him and the consequences of his guilty plea and that the plea was not induced by coercion, but was voluntarily entered." *Goodman v. Davis*, 249 Ga. 11, 14 (287 SE2d 26) (1982). See also *Obi v. State*, 230 Ga. App. 476 (1) (496 SE2d 556) (1998) (notwithstanding absence of transcript, State satisfied its burden of establishing voluntariness of plea by offering written signed plea statement). Compare *State v. Hemdani*, 282 Ga. 511 (651 SE2d 734) (2007) (the State has not carried its burden of establishing that plea was knowingly and voluntarily entered where there is no transcript of the plea proceedings and the guilty plea form contains no affirmative evidence that defendant's attorney had any interaction with him regarding his

*Boykin* rights or the content of the plea form). Based on the record before this Court, we are satisfied that Moore freely and voluntarily entered his plea with "a full understanding of what the plea connotes and of its consequence." *Boykin*, supra at 395 U. S. 244. Since resolution of this issue is not in Moore's favor, he is not entitled to an out-of-time appeal. *Brown*, supra at 659 (2). Accordingly, the trial court did not abuse its discretion in denying Moore's motion for an out-of-time appeal as to this claim. *Sweeting*, supra.

2. Moore further asserts that the affidavits in support of his arrest warrant were insufficient to establish probable cause. " 'With a few limited exceptions . . . , a plea of guilty generally waives all defenses except that based on the knowing and voluntary nature of the plea.' [Cits.]" *Hicks v. State*, 281 Ga. 836, 837 (642 SE2d 31) (2007). See also *Addison v. State*, 239 Ga. 622 (238 SE2d 411) (1977). "An exception will only be made if the error goes to the very power of the State to bring the defendant into court. [Cits.] No such situation is presented here." *Tutt v. State*, 267 Ga. 49, 50 (472 SE2d 306) (1996). It follows that Moore was not entitled to challenge the validity of the arrest warrant by way of an out-of-time appeal.

3. Finally, Moore submits that his trial counsel were ineffective because they failed to properly investigate the validity of the arrest warrant. In order for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a direct appeal. *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997). A direct appeal cannot be taken from a guilty plea on the ground of ineffective assistance of counsel unless the issue can be resolved by reference to facts on the record. *Rice v. State*, 278 Ga. 707 (606 SE2d 261) (2004). Since the claim of ineffective assistance of trial counsel was not developed by way of a post-plea hearing, it cannot be resolved on the state of the record. Moore's remedy, therefore, lies in habeas corpus. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2009.

Jerry R. Moore, *pro se.*
*Joseph K. Mulholland, District Attorney*, for appellee.