S09A1624. SENTINEL OFFENDER SERVICES, LLC
v. HARRELSON.
S09A1625. JONES v. HARRELSON.
S09X1626. HARRELSON v. JONES et al.

(690 SE2d 831)

HUNSTEIN, Chief Justice.

This case concerns Lisa Harrelson's plea of guilty to the offense of driving while under the influence of alcohol. On July 28, 2007, Harrelson was found slumped over the wheel of her vehicle at an intersection with the engine running and in gear. The arresting officer reported that Harrelson was under the influence of a narcotic analgesic and a central nervous system stimulant, and she was cited for driving under the influence of drugs. See OCGA § 40-6-391 (a) (2). However, the accusation filed against Harrelson on July 30, 2007, as well as the guilty plea Harrelson entered on that date after waiving her right to counsel at an unrecorded proceeding, charged her with the offense of driving under the influence of alcohol. See OCGA § 40-6-391 (a) (1). She was sentenced in the State Court of Richmond County to a term of twelve months, with one day in confinement and the remainder on probation, and was ordered to pay various fines and probation-related fees. Harrelson's September 17, 2007 motion to withdraw her guilty plea was denied on September 26, 2007 because it was filed outside the term of court in which the sentence was imposed. See *Smith v. State*, 283 Ga. 376 (659 SE2d 380) (2008); OCGA § 15-6-3 (5) (C). The trial court entered an order the same day, nunc pro tunc to July 30, 2007, purporting to correct the accusation and sentence to reflect that Harrelson was charged with and convicted of driving under the influence of drugs rather than alcohol.

On February 18, 2008, Harrelson filed a petition in the Superior

Court of Richmond County seeking habeas corpus relief and challenging the constitutionality of OCGA § 15-21A-6 (c), which sets forth a waivable fifty dollar application fee for indigent defense services, and OCGA § 42-8-100 (g) (1), which authorizes the use of private organizations to administer probation services for misdemeanor offenders. Named as respondents were Harold Vernon Jones II, in his official capacity as Solicitor-General of the Richmond County State Court ("Jones"), and Sentinel Offender Services, LLC ("Sentinel"), the private company administering Harrelson's probation pursuant to its contract with the Richmond County State Court. The superior court entered a default judgment against Sentinel on October 2, 2008 for failure to respond to the petition; Sentinel was ordered to return the funds paid by Harrelson and enjoined from collecting any additional amounts from her.

A hearing on Harrelson's petition for habeas and declaratory relief was held on December 12, 2008, and Sentinel filed a motion to open default three days later. On April 2, 2009, the superior court entered an order granting habeas relief and setting aside Harrelson's conviction because the record failed to show that she had been advised of her rights in accordance with *Boykin v. Alabama*, 395 U. S. 238, 243-244 (89 SC 1709, 23 LE2d 274) (1969)[1] at the time of the plea. The court also ordered that $500 previously paid by Harrelson to Sentinel be returned to her, given that the conviction pursuant to which such fines and fees had been imposed was invalid. The court denied Sentinel's motion to open default and declined to address Harrelson's constitutional challenges to OCGA §§ 15-21A-6 (c) and 42-8-100 (g) (1). Sentinel and Jones appeal separately in Case Nos. S09A1624 and S09A1625, challenging the grant of habeas relief and denial of Sentinel's motion to open default. Harrelson cross-appeals in Case No. S09X1626, seeking to have OCGA § 15-21A-6 (c) and the private probation provisions of OCGA § 42-8-100 held unconstitutional. We consolidate the appeals in this opinion and, for the reasons that follow, we affirm.

### Case Nos. S09A1624 and S09A1625

1. It is well-established that

[i]n habeas proceedings, the State bears the burden of showing that a challenged guilty plea was knowingly, voluntarily, and intelligently entered. To satisfy this burden,

---

[1] *Boykin* provides that a defendant entering a guilty plea must understand that she is waiving three federal constitutional rights, namely, the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers.

the State may point to evidence on the record of the guilty plea hearing that the defendant was fully informed and cognizant of all of [her] rights being waived and the consequences of [her] plea, as required by *Boykin*[, supra, 395 U. S. at 238]. [Cit.] On the other hand, if the record is silent, the State may rely on extrinsic evidence clearly showing that the plea was knowing and voluntary. [Cit.]

(Footnote omitted.) *State v. Hemdani*, 282 Ga. 511 (651 SE2d 734) (2007). Here, Harrelson's plea hearing was not recorded and she was not represented by counsel. Jones relies on the pre-printed forms executed by Harrelson wherein she waived the right to counsel and her rights pursuant to *Boykin*, supra, along with the trial court's contemporaneously-signed, pre-printed certifications that such waivers were knowing and voluntary. This is insufficient to meet the State's burden, however, as "the record must contain some affirmative evidence that either the trial court or trial counsel entered into a colloquy with defendant and explained all three of [her] *Boykin* rights. [Cit.]" *Hemdani*, supra at 512. See *King v. State*, 270 Ga. 367, 367-371 (509 SE2d 32) (1998) (pre-printed form signed by defendant and trial court with summary statement that defendant was advised of constitutional rights, waived right to counsel, and entered plea freely and voluntarily is insufficient to satisfy *Boykin*). Compare *Moore v. State*, 285 Ga. 855 (1) (684 SE2d 605) (2009) (plea form signed by defendant and certified by defense counsel and trial court is sufficient to establish voluntariness of plea where form also contains affirmative evidence that counsel had interaction with defendant and that responses on form are consistent with those given in open court).[2]

Boykin recognizes that the waiver of constitutional rights that occurs when a plea of guilty is entered is so great that the proceeding "demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure [s]he has a full understanding of what the plea connotes and of its consequence," [cit.] and that the record must show that the plea was made voluntarily. [Cits.]

*Hawes v. State*, 281 Ga. 822, 824 (642 SE2d 92) (2007). Because the superior court did not clearly err by finding that the State failed to

---

[2] To the extent *Obi v. State*, 230 Ga. App. 476 (1) (496 SE2d 556) (1998) can be read to indicate that a completed form alone is necessarily sufficient to establish the voluntariness of a plea, it is hereby overruled.

meet its burden of showing that Harrelson's plea was knowingly, voluntarily, and intelligently entered, see *Denson v. Frazier*, 284 Ga. 858, 860 (672 SE2d 625) (2009), the conviction was properly set aside.[3] In light of this holding, we need not reach the other arguments set forth by Sentinel and Jones regarding Harrelson's guilty plea.

2. Sentinel and Jones also contend that the superior court erred by entering a default judgment against Sentinel and denying its motion to open default. However, the record does not support the argument that Jones's answer clearly "covered" Sentinel.[4] Sentinel was in default as a matter of law when it failed to timely respond to Harrelson's claims, see *Assoc. Doctors of Warner Robins v. U. S. FoodService of Atlanta*, 250 Ga. App. 878 (2) (553 SE2d 310) (2001) (defendant in default because he failed to sign answer filed by other defendant or have attorney timely file answer on his own behalf), and the superior court was authorized to enter a default judgment. See OCGA § 9-11-55 (a). Although Sentinel and Jones correctly note that the State's failure to timely respond to a petition for habeas corpus relief does not entitle the petitioner to a default judgment, *Farris v. Slaton*, 262 Ga. 713 (2) (425 SE2d 291) (1993), Sentinel is a private entity and the relief granted to Harrelson pursuant to the default judgment was not in the nature of habeas relief. The superior court did not err by denying Sentinel's motion to open default because it was filed after a judgment had been entered against Sentinel. See OCGA § 9-11-55 (b); *The Pantry v. Harris*, 271 Ga. App. 346 (2) (609 SE2d 692) (2005) ("the first and essential step against any final judgment, including a default judgment, is a motion to set aside the judgment under OCGA § 9-11-60 (d)[; o]nly after that motion has been granted may a trial court consider whether to open default under OCGA § 9-11-55"). Thus, these arguments have no merit.

### Case No. S09X1626

3. Harrelson argues that this Court has the inherent power to

---

[3] Neither Jones nor Sentinel enumerates as error the portion of the superior court's order requiring Sentinel to return to Harrelson the funds she had paid pursuant to the conviction and sentence. Thus, we express no opinion on the propriety of this ruling. See generally Annotation, "Right to Recover Back Fine or Penalty Paid in Criminal Proceeding," 26 ALR 1523 (1923).

[4] The title and introductory paragraph of the answer indicate that it is filed solely on behalf of Jones and the State Court; the prayer for relief and certificate of service include Sentinel as a respondent. Sentinel did not make the argument that it was "covered" by Jones's answer until after the hearing on Harrelson's petition, which was more than two months after the superior court entered the default judgment. Sentinel's area manager testified at the hearing that she had been served with the petition and forwarded it to the corporate office.

address the constitutional issues raised in her petition. However, " '[w]e will not rule on a constitutional question unless it clearly appears in the record that the trial court distinctly ruled on the point.' . . . [Cit.]" *Madison v. State*, 281 Ga. 640, 641 (2) (641 SE2d 789) (2007). Because the superior court declined to rule on Harrelson's constitutional challenges, we do not reach the arguments raised in her cross-appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 15, 2010.

*Hull, Towill, Norman, Barrett & Salley, Patrick J. Rice, Alana R. Kyriakakis*, for Sentinel Offender Services.

*Andrew G. Mackenzie, Chiquita T. Johnson*, for Jones.

*Tucker, Everitt, Long, Brewton & Lanier, John B. Long*, for Harrelson.