S11A0949. BROWN v. THE STATE.
(718 SE2d 1)

HUNSTEIN, Chief Justice.

We granted Michael Anthony Brown a certificate of probable cause to appeal the denial of his petition for a writ of habeas corpus in order to determine whether the record of Brown's guilty plea established that he affirmatively waived his constitutional rights under *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). For the reasons that follow, we affirm the habeas court's denial of Brown's petition.

The record establishes that Brown in 1993 pled guilty to financial transaction card fraud and was sentenced to three years probation. In the course of the guilty plea proceedings, Brown completed by hand and signed a "plea of guilty (nolo contendere) acknowledgment and waiver of rights" form. On the form he responded to thirty questions, including negative responses to questions such as whether he was under the influence of drugs or alcohol and whether he wanted to be tried by a jury and affirmative responses to questions in which he acknowledged his understanding of the nature of the charge against him and the minimum and maximum penalties that could be imposed for the crime. In addition, he affirmatively acknowledged his understanding of his rights to trial by jury, to subpoena witnesses and to confront his accusers. He also responded affirmatively to the question, "[d]o you know and understand that you do not have to say, sign, or do anything that will show or tend to show you are guilty unless you want to." At the conclusion of the waiver of rights form, Brown's attorney signed a "certificate of lawyer" in which counsel certified that he reviewed "all of the above questions with [Brown] and have assured myself that [Brown] knows and understands them" and that Brown had indicated he understood his rights and affirmed his waiver thereof by

initialing the appropriate blank after each question.

The transcript of the guilty plea hearing establishes that the trial court questioned Brown about the waiver of rights form. Brown answered affirmatively when he was asked by the trial court whether he had reviewed the waiver of rights form with counsel, whether he had answered the questions on the form truthfully and whether he had "understood that process." The trial court then informed Brown that he could plead not guilty and be tried by a jury, but that the court would impose sentence if Brown pled guilty. There was no colloquy specifically about the other two *Boykin* rights. Counsel at the hearing merely acknowledged affirmatively that he had advised Brown "of his legal and Constitutional rights" and was satisfied that Brown understood those rights.

Brown's conviction was used to enhance a federal sentence that he is currently serving. He filed this petition in June 2008 alleging that his plea was not knowingly and voluntarily entered for several reasons, including that he was not advised of the rights enumerated under *Boykin*. The habeas court denied the petition based upon the waiver of rights form Brown signed and the colloquy with the trial court at the plea hearing, finding "under the totality of the evidence that [Brown] was cognizant of all his rights against compulsory self-incrimination."

1. The record shows undisputedly that the trial court did not fully inform Brown of his *Boykin* rights on the record during the plea hearing. Moreover, the statement by Brown's counsel at the hearing in which counsel acknowledged having advised Brown of his "legal and Constitutional rights" was not, in and of itself, sufficient to establish that Brown had been informed of his *Boykin* rights. See *Wilson v. Kemp*, 288 Ga. 779, 781 (707 SE2d 336) (2011). However, contrary to Brown's contention, the habeas court did not err by relying on the waiver of rights form signed by Brown. Unlike in *State v. Hemdani*, 282 Ga. 511 (651 SE2d 734) (2007), in which we upheld the grant of habeas relief because the State adduced no transcript of the guilty plea hearing and instead relied solely on a plea form that lacked any affirmative evidence that the defendant's attorney had any interaction with him regarding his *Boykin* rights, there was clear evidence here beyond the mere execution of a waiver form that proved Brown had been apprised of his *Boykin* rights. Specifically, the guilty plea hearing transcript affirmatively reflects "that the trial court entered into [a] colloquy with [Brown] to ensure that he read and fully understood the [waiver of rights] agreement which he signed," *State v. Hemdani*, supra at 512, and the signed "certificate of lawyer" at the conclusion of the waiver of rights form together with Brown's own acknowledgment at the guilty plea hearing serve to prove "that trial counsel actually went over the [waiver of rights

form] with [his] client [and] . . . the information that it contained." Id. We thus reject Brown's argument that the waiver of rights form he signed cannot serve as "some affirmative evidence that either the trial court or trial counsel entered into a colloquy with defendant and explained all three of his *Boykin* rights. [Cit.]" Id.

2. We find no merit in the argument that Brown was not advised of his right against self-incrimination because the waiver of rights form wording, i.e., "[d]o you know and understand that you do not have to say, sign, or do anything that will show or tend to show you are guilty unless you want to," did not make it clear that it was referring to the right to remain silent *at trial*. See *Adams v. State*, 285 Ga. 744 (1), n. 3 (683 SE2d 586) (2009). Nothing in *Boykin* requires the use of any precisely-defined language or "magic words" during a guilty plea proceeding. *Adams v. State*, supra at 745 (1). The wording in the waiver of rights form adequately conveyed to Brown in a manner reasonably intelligible to him the core principles of the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment. See id. Unlike in *Wilson v. Kemp*, supra, 288 Ga. at 780, where the trial court, in informing Wilson of this *Boykin* right, erred by "specifically limit[ing] its discussion of Wilson's 'right to remain silent' to the guilty plea hearing itself, without ever informing him [otherwise]," nothing in the waiver of rights form language in this case conveyed or even intimated to Brown any comparable limitation on his right against self-incrimination. Rather, in the context of the guilty plea proceedings in which Brown executed the form, it was apparent to any reasonable person that the information conveyed about the right against self-incrimination was pertinent to a knowing and intelligent waiver of that right at trial.[1] Accord *Jackson v. State*, 285 Ga. 840, 841 (1), n. 2 (684 SE2d 594) (2009) (finding "no legal significance" in the fact that the trial court advised Jackson of the right to remain silent at a separate point in the plea colloquy from its advisement to him of the remaining *Boykin* rights).

3. In his final contention Brown argues that there was an inadequate factual basis for the offense charged.

> Whether the trial court establishes on the record a factual basis for the guilty plea does not enter into the determination of the constitutional validity of the plea under *Boykin*. . . .

---

[1] Accordingly, a criminal defendant could not reasonably confuse his right to remain silent at trial, which is waived as the result of a knowing and intelligent decision to plead guilty to a charged offense, with his understanding of that right as it may have been conveyed to him in the separate context of custodial police interrogation pursuant to *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[T]hat requirement is only imposed on the trial court pursuant to Uniform Superior Court Rule (USCR) 33.9. [Cit.] Although USCR 33.9 "applies in a guilty plea hearing, this is a habeas corpus proceeding and that Rule does not apply here because it is not of constitutional magnitude." [Cit.]

*State v. Cooper*, 281 Ga. 63, 64 (1) (636 SE2d 493) (2006). Accordingly, Brown was not entitled to a grant of habeas relief based upon the trial court's failure to establish on the record a factual basis for Brown's guilty plea. See id. It follows that the habeas court did not err by denying Brown's petition.

*Judgment affirmed. All the Justices concur, except Thompson and Melton, JJ., who dissent.*

NAHMIAS, Justice, concurring.

The Court correctly applies our *Boykin*-based decisions of the past few years to hold that Brown was adequately advised of his "three *Boykin* rights" and thus that his 1993 guilty plea — which he did not challenge until 2008 — was freely and voluntarily entered. I would prefer to reach that result, and it would be easier to do so, using the less formalistic analysis that I believe *Boykin* actually requires and that our older, but never overruled, cases employed. See *Tyner v. State*, 289 Ga. 592, 595 (4) (714 SE2d 577) (2011) (opinion of Nahmias, J., joined by Carley, P. J.); *Goodman v. Davis*, 249 Ga. 11, 14 (287 SE2d 26) (1982) ("We decline to adopt a rule which would demand that failure to advise an accused of his right against self-incrimination invalidates a guilty plea in a case where the record reflects that the central considerations of *Boykin* have otherwise been met."). However, because the Court's opinion reaches the right result and does no further harm to our *Boykin* case law, I can join the opinion in full.

MELTON, Justice, dissenting.

Because the undisputed record in this case does not support a finding that Michael Anthony Brown's guilty plea was knowing and voluntary, I must respectfully dissent.

In habeas corpus proceedings such as this, a completed waiver form, standing alone, does not present sufficient evidence that a guilty plea was knowing and voluntary. *Sentinel Offender Svcs. v. Harrelson*, 286 Ga. 665, 667 (1), n. 2 (690 SE2d 831) (2010) ("To the extent *Obi v. State*, 230 Ga. App. 476 (1) (496 SE2d 556) (1998) can be read to indicate that a completed form alone is necessarily sufficient to establish the voluntariness of a plea, it is hereby overruled."). To the contrary, "the record must contain some affirmative evidence that either the trial court or trial counsel entered

into a colloquy with defendant and explained *all three* of his *Boykin* rights. [Cit.]" (Emphasis supplied.) *State v. Hemdani*, 282 Ga. 511, 512 (651 SE2d 734) (2007). See also *King v. State*, 270 Ga. 367 (509 SE2d 32) (1998). Here, the following is undisputed: (1) the trial court did not have a colloquy with Brown regarding two of his three *Boykin* rights; (2) Brown's trial counsel merely stated that he conferred with Brown regarding "his legal and Constitutional rights," without specifically making reference to Brown's *Boykin* rights; and (3) the only evidence that Brown may have received his *Boykin* rights is a waiver of rights form which did not specifically set forth the *Boykin* rights in their entirety.

> *Boykin* recognizes that the waiver of constitutional rights that occurs when a plea of guilty is entered is so great that the proceeding "demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence," [cit.] and that the record must show that the plea was made voluntarily. [Cits.]

*Hawes v. State*, 281 Ga. 822, 824 (642 SE2d 92) (2007).

The undisputed record in this case does not show the utmost solicitude and care clearly required by our law, as there has been no showing that Brown received a colloquy with the trial court or his counsel regarding all three *Boykin* rights. In the absence of such a colloquy, Brown's guilty plea cannot be found to be knowing and voluntary, and his writ of habeas corpus should have been granted. *Hemdani*, supra.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED NOVEMBER 7, 2011.

Michael A. Brown, *pro se*.

*Ashley Wright, District Attorney, Madonna M. Little, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.