**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**November 13, 2012**

# In the Court of Appeals of Georgia

A12A1477. ASKEW v. THE STATE

BARNES, Presiding Judge.

On February 14, 2001, Derrick DeAngelo Askew entered a negotiated plea of guilty to one count of rape and one count of burglary and was sentenced to serve concurrent terms of life plus 20 years. Two additional counts of burglary were nol prossed. On July 11, 2011, Askew filed a pro se motion for an out-of-time appeal. On October 4, 2011, the trial court appointed counsel to represent Askew. Askew, thereafter, filed a motion to withdraw his guilty plea, motion for new trial, and second motion for an out-of-time appeal. Following a hearing, the trial court denied the motions and it is from that order that Askew appeals. Upon our review, we affirm.

1. Askew contends that he is entitled to an out-of-time appeal because the trial court did not inform him of his right to appeal and because the trial court and State

erroneously gave him the impression that he was eligible to have his sentence reviewed by the Sentence Review Panel. He contends that his pursuit of a sentence review precluded filing a timely appeal from his guilty plea.

> It is well established that a criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea, and an appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty.

(Citations and punctuation omitted.) *Brown v. State*, 290 Ga. 321 (1) (720 SE2d 617) (2012). If an issue raised by the defendant in a motion for out-of-time appeal "can be resolved against him based upon the existing record, there is no error in denying the motion." Id. 321 (2). Thus, "the denial of a request for out-of-time appeal is proper if an examination of the record reveals no merit to the claimed errors." (Citation omitted.) *Childs v. State*, 311 Ga. App. 891, 891 (717 SE2d 509) (2011). "The denial of a motion for out-of-time appeal is a matter within the discretion of the trial court. A court's decision to deny such a motion will not be overturned absent an abuse of discretion." *Brown v. State*, 290 Ga. at 321 (1).

Regarding Askew's contention that the trial court misled him regarding his sentence review, the record reflects that the trial court incorrectly advised Askew that "[y]ou do have the right to have this sentence reviewed by the Sentence Review Panel," and that he should do so within 30 days. Askew filed an application for sentence review on February 16, 2001, which was subsequently denied on August 27, 2001. The Panel indicated that it lacked jurisdiction because "OCGA § 17-10-6.1 prohibited the review of . . . rape." See former OCGA § 17-10-6.1 (a).[1]

To the extent that the trial court erred in misinforming Askew that he had a right to sentence review, the misinformation came after he pled guilty to the charges and thus could not have contributed to his decision to enter his plea. See generally *Reed v. State*, 251 Ga. App. 606, 607 (554 SE2d 792) (2001) (eligibility to have a sentence reviewed by the Sentence Review Panel is a collateral consequence). Moreover, although Askew contends that the misinformation precluded him from initiating an "appeal" of his guilty plea, the trial court was not required to inform him of such a right. See *Lewis v. State*, 266 Ga. App. 812, 813 (598 SE2d 90) (2004) (no duty to inform defendant of appellate rights following guilty plea). As such, it does

___

[1] As of July 1, 2007, former OCGA § 17-10-6 was repealed, and OCGA § 17-10-6.3 came into effect. Ga. L. 2007, pp. 595, 596, §§ 2, 3.

3

not follow that the trial court's actions would have then precluded him from undertaking the pursuit of any appellate remedies.

2. Askew also claims that he was not adequately advised at his plea hearing of his federal constitutional rights as required by *Boykin v. Alabama*, 395 U.S. 238 (89 SC 1709, 23 LE2d 274) (1969), rendering his guilty pleas not knowing, intelligent and voluntary and authorizing the withdrawal of his guilty plea.

> The entry of a guilty plea involves the waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. It is the duty of a trial court to establish that the defendant understands the constitutional rights being waived, and the record must reveal the defendant's waiver of those constitutional rights. *Boykin* [*v. Alabama*, 395 U. S. 238, 243 (89 SC 1709, 23 LE2d 274) (1969)].

*Beckworth v. State*, 281 Ga. 41, 42 (635 SE2d 769) (2006).

> At the plea hearing, Askew was advised that:

> [Y]ou're giving up certain rights by your plea. You have a right to a trial by a jury, that at the jury trial the State must prove you guilty beyond a reasonable doubt. You wouldn't have to testify or produce any evidence against yourself; you could subpoena and call witnesses to testify in your behalf. Your lawyer could cross-examine anyone testifying against you.

4

Askew confirmed that it was his choice to plead guilty, that no promises, force, or threats were used to influence that decision, and that he understood the nature of the charges and the sentencing ranges they carried. Finally, Askew's counsel acknowledged that a psychological examination determined that Askew was mentally competent. Askew was then asked if his attorney had reviewed the plea proceeding form with him, and if it was his signature on the form. Askew responded in the affirmative to both inquiries. The form stated, in relevant part, that Askew understood the nature of the charges against him and waived his rights to, among other things, a trial by jury, to confront witnesses, and to not incriminate himself.

We have held that a plea statement form like the one at issue here is sufficient to establish that a guilty plea was knowingly and voluntarily entered when the plea statement is included in the record and accompanied by a colloquy like that between the trial court and Askew. *Gainer v. State*, 267 Ga. App. 408, 409 (599 SE2d 359) (2004). While, as Askew argues, the colloquy at the hearing did not contain a statement by a court official explicitly telling him that he had the right to not "incriminate" himself, the State need not show that Uniform Superior Court Rule 33.8 was recited to the letter to rebut an attack on a guilty plea. See *McClendon v. State*, 256 Ga. 480, 481 (2) (350 SE2d 235) (1986). If the record demonstrates that "the

5

accused has a full understanding of the concepts involved, the appellate courts will not invalidate a guilty plea for failure to use the precise language" of those rights. (Citations and punctuation omitted.) *Hawes v. State*, 281 Ga. 822, 824 (642 SE2d 92) (2007).

 *Judgment affirmed. Adams and McFadden, JJ., concur.*