**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 6, 2013**

# In the Court of Appeals of Georgia

A13A0451. MERILIEN v. THE STATE.                    RA-017C

RAY, Judge.

Jean Jocelyn Merilien, proceeding pro se, appeals from the dismissal of his out-of-time motion to withdraw his guilty plea to a charge of possession of a firearm by a convicted felon. OCGA § 16-11-131. On appeal, Merilien contends that the trial court erred by dismissing his petition as untimely and that the trial court erred in failing to consider his various claims regarding the validity of his plea and ineffective assistance of counsel. Discerning no error, we affirm.

The record shows that on January 31, 2000, Merilien, with the assistance of counsel, entered a negotiated plea to possession of a firearm by a convicted felon. The trial court sentenced Merilien to serve two years on probation and imposed a $1,000 fine.

On December 2, 2011, Merilien filed his motion to withdraw his guilty plea in the trial court, arguing that his 2000 conviction should be vacated because he did not enter his plea intelligently, knowingly, and voluntarily, and that he received ineffective assistance of counsel. The trial court dismissed Merilien's motion, finding that it lacked jurisdiction to consider his petition as a motion to withdraw guilty plea because it was not filed in the same term of court as the judgment of conviction and that the petition could not be considered as a writ of habeas corpus since the period for filing a habeas corpus petition had expired.

On appeal, Merilien contends that the trial court erred in dismissing his petition without examining the merits of his arguments. We disagree.

The trial court's jurisdiction to entertain a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction was rendered. See *Matthews v. State*, 295 Ga. App. 752, 754 (1) (673 SE2d 113) (2009) (motion to withdraw guilty plea must be filed in same term in which defendant sentenced; otherwise, court lacks jurisdiction to consider motion). "And it is well established that after the expiration of the term and of the time for filing an appeal from the conviction, the *only* remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings." (Punctuation and footnote omitted; emphasis

in original.) *LaFette v. State*, 285 Ga. App. 516, 516 (1) (646 SE2d 725) (2007). Since Merilien filed his motion more than 10 years after the expiration of the term of court in which his judgment of conviction was entered, the trial court had no jurisdiction to rule on his motion to withdraw a guilty plea. See *Matthews*, supra. Moreover, even construing his motion as a petition for writ of habeas corpus, Merilien's petition was likewise untimely. Merilien had until July 1, 2008, to file a habeas corpus petition, but he did not file the present motion until December of 2011. OCGA § 9-14-42 (c) (1) ("[A]ny person whose conviction has become final as of July 1, 2004, regardless of the date of conviction, shall have until . . . July 1, 2008, in the case of a felony to bring an action" for habeas corpus relief).

To the extent that Merilien's motion may be construed as one seeking an out-of-time appeal based on ineffective assistance of counsel, the trial court did not abuse its discretion in dismissing the motion. See *Dennis v. State*, 292 Ga. 303 (736 SE2d 428) (2013) (the denial of a motion for out-of-time appeal is reviewed for abuse of discretion).

> An out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel. But in order for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a direct

3

appeal. A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met.

(Citation and punctuation omitted.) *Green v. State*, 291 Ga. 506, 507 (1), n. 1 (731 SE2d 357) (2012).

In this case, Merilien's claims of ineffective assistance of counsel cannot be resolved solely by facts in the record. Indeed, the resolution of his ineffective assistance claims would have required a post-plea evidentiary hearing. Therefore, such claims would not have been subject to review stemming from a motion for out-of-time appeal, but were required to have been pursued in an action for habeas corpus. *Green*, supra at 507 (2); *Gibson v. State*, 290 Ga. 516, 517 (2) (b) (722 SE2d 741) (2012). Here, Merilien did not timely seek habeas relief.

For the above reasons, the trial court properly dismissed his motion.

*Judgment affirmed. Barnes, P. J., and Miller, J., concur.*

4