**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 1, 2014**

# In the Court of Appeals of Georgia

A14A0278. DILLARD v. THE STATE.

DILLARD, Judge.

Leonard Leroy Dillard appeals the trial court's denial of his motion to withdraw his guilty plea to voluntary manslaughter. Specifically, Dillard contends that the plea was not freely and voluntarily made because the trial court failed to inform him of the constitutional right to confront his accusers. For the reasons set forth *infra*, we affirm.

The record establishes that on October 17, 2012, Dillard, who had been indicted on charges of malice murder and felony murder, pleaded guilty to the voluntary manslaughter of Verdell Moore. And during the course of the plea proceedings, Dillard completed by hand and signed a "sworn statement of defendant," marking in the affirmative his understanding of eighteen statements. These statements

included, *inter alia*, an affirmation of his understanding of the charges against him; the potential minimum and maximum penalties he faced; the right to trial by jury and waiver of same; and the rights inherent in a jury trial, including the rights to confront witnesses and to testify or to remain silent. Dillard also acknowledged that he had conferred with his attorney, and signed to confirm his understanding of the statements, swearing and affirming that his answers were "true, correct and voluntarily made."

The transcript of the guilty-plea hearing reflects that the trial court questioned Dillard about his completion of the form. Dillard stated affirmatively that he reviewed the form's questions with his attorney, that his answers were true and correct, and that he understood the substance of the form. The trial court then asked Dillard whether he understood that he had a right to a trial by jury on the charges of murder and felony murder and that, by pleading guilty, he would give up the right to trial by jury. The court also inquired as to whether Dillard understood that he would have a right to testify but could not be forced to testify or incriminate himself. The trial court then questioned Dillard as to his understanding of other rights he would have at trial as well, including the right to an attorney and to subpoena witnesses and present evidence. Dillard answered all of the foregoing questions in the affirmative. However,

2

the trial court did not engage in a colloquy specifically as to Dillard's right to confront his accusers. Thereafter, Dillard entered his plea.

Dillard later sought to withdraw his guilty plea within the same term of court,[1] but the trial court denied same, finding that the guilty plea was knowingly and voluntarily entered. Dillard now appeals, solely contending that the plea was not knowingly and voluntarily entered because he was not informed of the constitutional right to confront his accusers. We disagree.

In *Boykin v. Alabama*,[2] the Supreme Court of the United States held that when a defendant pleads guilty, he must be adequately advised of his rights (1) against self-incrimination, (2) to trial by jury, and (3) to confront his accusers.[3] Here, while the record shows indisputably that the trial court did not inform Dillard of the right to confront his accusers on the record during the plea hearing, it does contain the "sworn statement of defendant," which clearly informed Dillard of that right, and Dillard signed the form to affirm his understanding and that he had conferred with his

---

[1] *See, e.g.*, *Merilien v. State*, 321 Ga. App. 727, 728 (742 SE2d 754) (2013) ("The trial court's jurisdiction to entertain a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction was rendered.").

[2] 395 U.S. 238 (89 SCt 1709, 23 LE2d 274) (1969).

[3] *Id.* at 243; *see also Wilson v. Kemp*, 288 Ga. 779, 780 (727 SE2d 90) (2011).

attorney regarding same. Further, in response to inquiry by the trial court, Dillard acknowledged on the record that he understood the substance of the form and had reviewed it with his attorney.[4] And because nothing in *Boykin* "requires the use of any precisely-defined language or 'magic words' during a guilty plea proceeding,"[5] the form's inclusion of the "right to confront the witnesses against" Dillard adequately conveyed, in a manner reasonably intelligible to him, the core principles of the right

---

[4] *See Brown v. State*, 290 Ga. 50, 51-52 (1) (718 SE2d 1) (2011) (holding that, although the trial court did not fully inform the defendant of all three *Boykin* rights, the record established that the defendant was apprised of these rights when he completed a waiver-of-rights form and the trial court entered into a colloquy to ensure that the defendant had read the form with a full understanding, and the defendant acknowledged that he had reviewed the form with his attorney). *Cf. State v. Hemdani*, 282 Ga. 511, 512 (651 SE2d 734) (2007) ("First, it is undisputed that the trial court did not fully inform [the defendant] of his *Boykin* rights during his plea hearing. Second, there is no evidence of record that the trial court entered into any colloquy with [the defendant] to ensure that he read and fully understood the plea agreement which he signed. Third, there is no evidence that [the defendant's] trial counsel discussed his *Boykin* rights with him or that it was her standard practice of doing so. Finally, there is no evidence that trial counsel actually went over the plea agreement with her client or any of the information that it contained. Therefore, this record provides nothing more than the state's speculation that [the defendant's] trial counsel might have possibly discussed his *Boykin* rights with him based on trial counsel's act of signing the plea agreement.").

[5] *Brown*, 290 Ga. at 52 (2).

to confront his accusers.[6] Accordingly, despite the trial court's failure to include the right to confront his accusers in its colloquy with Dillard, there was clear evidence demonstrating that he was apprised of the three *Boykin* rights.[7]

*Judgment affirmed. Doyle, P. J., and Miller, J., concur.*

---

[6] *See Thomas v. State*, 231 Ga. 298, 299 (1) (201 SE2d 415) (1973) (holding that defendant was adequately advised of the right to confront accusers when trial court asked whether defendant understood that he had "a right to face any witnesses against you and to be here whenever any witness testifies against you and to have your attorney ask any questions"). *Cf. Brown*, 290 Ga. at 52 (2) (holding that waiver-of-rights form adequately conveyed core principles of "the privilege against compulsory self-incrimination" through use of other wording); *Rogers v. State*, 286 Ga. 55, 55-56 & n.2 (685 SE2d 281) (2009) (holding that defendant was adequately advised by trial court of his right against self-incrimination despite use of other wording, and noting that defendant had also signed a statement as to his understanding that he was waiving the right not to incriminate himself); *Foster v. State*, 319 Ga. App. 815, 817 (2) (a) (738 SE2d 651) (2013) ("[T]he statements by the court and prosecutor during the plea colloquy, taken as a whole, conveyed the core principle that if [the defendant] did not enter a plea he could have a jury trial.").

[7] *See Brown*, 290 Ga. at 51-52 (1); *see also Askew v. State*, 318 Ga. App. 454, 456 (2) (734 SE2d 222) (2012).